IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03261-BNB

JOHN MICHAEL POPE,

    Applicant,

v.

CHARLIE DANIELS, Warden, (USP Florence),

    Respondent.

ORDER

    This matter is before the Court on "Petitioner's Motion for Temporary Restraining Order" (Doc. #6) filed on December 29, 2011. Applicant is a prisoner in the custody of the United States Bureau of Prisons ("BOP") at the United States Penitentiary in Florence, Colorado. Applicant initiated this action by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a prison disciplinary conviction and the length of time he will be placed in a residential re-entry center upon his release from prison. In the motion for a temporary restraining order, Applicant seeks immediate injunctive relief directing Respondent to transfer him immediately to a residential re-entry center.

    The Court must construe the motion liberally because Applicant is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a **pro se** litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated

below, the motion will be denied.

The Federal Rules of Civil Procedure provide as follows with respect to issuance of a temporary restraining order:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

Applicant alleges in the application that his unit team previously recommended he be transferred to a residential re-entry center 150 days prior to completion of his sentence but that, following a prison disciplinary conviction on September 1, 2011, his unit team now recommends he be transferred to a residential re-entry center only thirty-three days prior to the completion of his sentence. According to Applicant, he already would have been transferred to a residential re-entry center if his unit team had not changed the original recommendation. Applicant maintains that he currently is scheduled to be transferred to a residential re-entry center on April 18, 2012.

The Court finds that Applicant is not entitled to issuance of a temporary restraining order because he fails to demonstrate he will suffer immediate and irreparable injury before Respondent can be heard in opposition. The Court notes that Respondent already has been ordered to file a Preliminary Response to the habeas corpus application. Furthermore, Applicant's desire to be transferred to a residential re-entry center in order to re-adjust to society and learn a trade does not demonstrate he

will suffer immediate and irreparable injury.  Therefore, the motion for a temporary restraining order will be denied.  Accordingly, it is

ORDERED that "Petitioner's Motion for Temporary Restraining Order" (Doc. #6) filed on December 29, 2011, is denied.

DATED at Denver, Colorado, this  5th  day of  January , 2012.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court