IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03261-BNB

JOHN MICHAEL POPE,

    Applicant,

v.

CHARLIE DANIELS, Warden (USP Florence),

    Respondent.

## ORDER OF DISMISSAL

    Applicant, John Michael Pope, is a prisoner in the custody of the United States Bureau of Prisons ("BOP") at the United States Penitentiary at Florence, Colorado. Mr. Pope has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1). On December 19, 2011, Magistrate Judge Boyd N. Boland ordered Respondent to file a Preliminary Response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intends to raise that defense in this action. On January 6, 2012, Respondent filed a Preliminary Response (Doc. #9) arguing that this action should be dismissed for failure to exhaust administrative remedies. On January 18, 2012, Mr. Pope filed a reply (Doc. #10) to Respondent's Preliminary Response.

    The Court must construe the application and other papers filed by Mr. Pope liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However,

the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

According to Mr. Pope, his unit team recommended in January 2011 that he be transferred to a residential re-entry center 150 days prior to completion of his sentence and the unit team's recommendation was approved by the warden.  However, following a prison disciplinary conviction on September 1, 2011, Mr. Pope's unit team changed the recommendation and reduced the length of time he would be placed in a residential re-entry center to thirty-three days.  Mr. Pope alleges that he would have been transferred to a residential re-entry center in November 2011 if his unit team had not changed the original recommendation.  He further alleges that he currently is scheduled to be transferred to a residential re-entry center on April 18, 2012.

Mr. Pope specifically asserts two claims for relief arguing that he has been denied due process.  He first claims that his unit team cannot reduce the amount of time he had been recommended for placement in a residential re-entry center following his disciplinary conviction because the discipline hearing officer ("DHO") already had imposed the sanctions he deemed appropriate and because reducing his placement in a residential re-entry center is not an authorized sanction for a prison disciplinary conviction.  Mr. Pope also claims that he was denied due process at his prison disciplinary hearing because the DHO allegedly refused to allow him to have witnesses present during the hearing.  As relief Mr. Pope asks that the disciplinary conviction be expunged and that he be placed immediately in a residential re-entry center.

As noted above, Respondent argues that this action should be dismissed for failure to exhaust administrative remedies.  Exhaustion of administrative remedies is a

prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Pope.  *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  *See* 28 C.F.R. §§ 542.13 - 542.15.  With respect to prison disciplinary proceedings, exhaustion of administrative remedies requires an inmate to file an appeal initially to the regional director before pursuing a national appeal.  *See* 28 C.F.R. § 542.14(d)(2).

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  "An inmate may not raise in an Appeal issues not raised in the lower level filings."  28 C.F.R. § 542.15(b)(2).  An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal."  *Id.*

Respondent contends, and Mr. Pope concedes, that he has not sought administrative relief with respect to either of his claims in this action. However, Mr. Pope contends that the application should not be denied for failure to exhaust administrative remedies because exhaustion would be futile. He specifically argues that exhaustion would be futile because it could take six months to exhaust administrative remedies and he is scheduled to be released in only three months. Mr. Pope also argues that he was prevented from exhausting administrative remedies with respect to his disciplinary conviction because he was not given a copy of the DHO report and he could not appeal without it.

The exhaustion requirement may be waived if exhaustion would be futile. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). However, the futility exception is narrow. *See id.* "Futility exists where resort to [administrative] remedies is clearly useless." *DeMoss v. Matrix Absence Mgmt., Inc.*, 438 F. App'x 650, 653 (10th Cir. 2011). Furthermore, "conclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust." *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005).

The Court is not persuaded by Mr. Pope's conclusory assertions that exhaustion of administrative remedies would be futile. The fact that Mr. Pope is approaching his release date does not demonstrate that exhaustion of administrative remedies would be futile. Although Mr. Pope maintains that he could not appeal the disciplinary conviction without a copy of the DHO report, an argument addressed below, he fails to explain why he apparently made no effort to file a grievance regarding his other claim when he became aware that his unit team had reduced the amount of time he was recommended

4

for placement in a residential re-entry center.  More importantly, though, Mr. Pope's argument that there is not enough time to complete the administrative remedy process presupposes that he could not obtain the relief he seeks at any level of the administrative remedy procedure.  However, Mr. Pope fails to demonstrate that the relief he seeks is not available in the administrative remedy procedure.  In fact, the crux of Mr. Pope's claim challenging his unit team's decision to reduce the recommended time in a residential re-entry center is that his unit team lacked authority to make that change.  With respect to his claim challenging his prison disciplinary conviction, he contends that the DHO violated his right to have witnesses present.  If Mr. Pope is correct, there is no reason to believe these decision cannot be overturned administratively.  Therefore, the Court does not agree that exhaustion would be futile.

The cases cited by Mr. Pope in support of his futility argument do not persuade the Court otherwise.  In *Howard v. Ashcroft*, 248 F. Supp.2d 518 (M.D. La. 2003), and *Ferguson v. Ashcroft*, 248 F. Supp.2d 547 (M.D. La. 2003), the Middle District of Louisiana found that exhaustion would be futile because it was clear that the people who would review the claims had no authority to grant the relief requested and that the claims would be rejected.  *Howard*, 248 F. Supp.2d at 533; *Ferguson*, 248 F. Supp.2d at 563.  In *Borgetti v. BOP*, No. 03 C 50034, 2003 WL 743396 (N.D. Ill. Feb. 14, 2003), the Northern District of Illinois stated only that the prisoner's admitted failure to exhaust administrative remedies "would not deprive this court of subject matter jurisdiction" and that, because "exhaustion of his administrative remedies would almost certainly take longer than his entire sentence, the court's jurisdiction is secure." *Id.* at *2 n.2.  The Northern District of Illinois did not address whether exhaustion should be excused

because it would be futile.

With respect to Mr. Pope's argument that he cannot appeal his disciplinary conviction without a copy of the DHO report, he refers only to exhibits submitted by another inmate in a different action in support of the argument.  *See Perotti v. Daniels*, No. 11-cv-03190-BNB (D. Colo. filed Dec. 8, 2011).  Mr. Pope apparently contends that Mr. Perotti was prevented from appealing a disciplinary conviction because he had not submitted a copy of the DHO report with his appeal.  The Court does not agree with this interpretation of the documents filed in 11-cv-03190-BNB.

The Court may take judicial notice of its own records and files that are part of the Court's public records.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).  The Court has examined the referenced documents and finds that Mr. Perotti was not prevented from appealing a disciplinary conviction for the simple reason that he did not have a copy of his DHO report.  Instead, Mr. Perotti was advised on October 27, 2010, that his original appeal was rejected in part because "YOU DID NOT PROVIDE A COPY OF THE DHO REPORT YOU WISH TO APPEAL **OR IDENTIFY THE CHARGES AND DATE OF THE DHO ACTION**." *Perotti*, No. 11-cv-03190-BNB (Doc. #1 at 19) (emphasis added).  Mr. Perotti later was advised that his resubmitted appeal was rejected in part because "YOU DID NOT PROVIDE A COPY OF THE DHO REPORT YOU WISH TO APPEAL **OR IDENTIFY THE CHARGES AND DATE OF THE DHO ACTION**." *Id.* (Doc. #1 at 21) (emphasis added).  These rejection notices do not demonstrate that Mr. Perotti was prevented from appealing because he did not have a copy of his DHO report; the rejection notices indicate that Mr. Perotti needed only to identify the charges and date of the DHO action.

As a result, these documents do not support Mr. Pope's argument that he was prevented from exhausting administrative remedies with respect to his disciplinary conviction.

In conclusion, the Court finds that Mr. Pope has failed to exhaust administrative remedies for the claims he is raising in this action and that he fails to demonstrate exhaustion of administrative remedies would be futile or should be excused for some other reason. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Finally, Mr. Pope also has filed a Motion for Reconsideration of Motion for Temporary Restraining Order (Doc. #11). On January 5, 2012, the Court entered an order denying Mr. Pope's motion seeking a temporary restraining order. The motion for reconsideration will be denied because the instant action will be dismissed.
Accordingly, it is

FURTHER ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that the Motion for Reconsideration of Motion for Temporary Restraining Order (Doc. #11) filed on January 18, 2012, is denied.

DATED at Denver, Colorado, this  24th  day of    January   , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court